UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTIN LOMAKO, | ) | 1:07-cv-00205-OWW-SMS-PC |
| Plaintiff, | ) ) | ORDER RETURNING PROPOSED THIRD AMENDED COMPLAINT |
| v. | ) ) | TO PLAINTIFF |
| PLEASANT VALLEY STATE PRISON, et al., | ) ) ) | (Doc. 16.) |
| Defendants. | ) ) | |

Justin Lomako ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 7, 2007. (Doc. 1.) On April 18, 2007, plaintiff filed the First Amended Complaint. (Doc. 6.) On October 1, 2007, plaintiff filed a motion for leave to file a Second Amended Complaint and lodged a proposed Second Amended Complaint. (Docs. 11, 12.) On November 7, 2007, the court granted plaintiff's motion and filed the Second Amended Complaint. (Docs. 13, 24.) On January 5, 2009, plaintiff submitted a proposed Third Amended Complaint, which was lodged by the court. (Doc. 16.) The lodged Third Amended Complaint is now before the court.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because plaintiff has already amended the complaint twice, plaintiff must have leave of court before the proposed Third Amended Complaint can be filed.

1

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has entitled the proposed Third Amended Complaint "Plaintiff's Third Amended Complaint to Add One Additional Ground to His Civil Rights Complaint." The proposed Complaint consists of three pages, with a one-paragraph Statement of Claim describing an incident occurring on November 19, 2005. None of the prior defendants are named in the proposed Complaint, and several new defendants have been added. Clearly, plaintiff does not intend the proposed Complaint to replace the prior complaint in its entirety, and instead proposes to add an additional claim and new defendants to the Second Amended Complaint. Because the proposed Complaint is not complete in itself, plaintiff may not amend the complaint in this manner. Therefore, the court shall return the proposed Third Amended Complaint to plaintiff without filing it.

Should plaintiff wish to proceed with a Third Amended Complaint, he should submit a Motion to Amend the Complaint along with a separate proposed Third Amended Complaint that is complete in itself. The Third Amended Complaint must contain *all* of the defendants and claims plaintiff wishes to bring in this action.

Plaintiff must also comply with Rule 18(a) of the Rules of Federal Procedure. "The controlling principle appears in Fed.R.Civ.P. 18(a). 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required

fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is advised that if he chooses to file a Third Amended Complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

Plaintiff should also note that he may not add new defendants relating to issues arising after the date this action was filed, February 7, 2007. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on February 7, 2007. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office is DIRECTED to return plaintiff's proposed Third Amended Complaint, lodged on January 5, 2009, to plaintiff without filing it; and

2. Should plaintiff decide to file a Third Amended Complaint, he must comply with the instructions in this order.

IT IS SO ORDERED.

**Dated:   March 2, 2009**                             **/s/ Sandra M. Snyder**

3

UNITED STATES MAGISTRATE JUDGE