UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTIN LOMAKO, | ) | 1:07-cv-00205-OWW-SMS-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO FILE THIRD AMENDED COMPLAINT (Doc. 18) |
| v. | ) | |
| PLEASANT VALLEY STATE PRISON, et al., | ) | 30 DAY DEADLINE FOR PLAINTIFF TO FILE THIRD AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |

Justin Lomako ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Now pending is Plaintiff's motion to file a third amended complaint, filed on March 16, 2009.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Plaintiff filed the original complaint on February 7, 2007. On April 18, 2007, Plaintiff filed a First Amended Complaint. On October 1, 2007, Plaintiff filed a motion to amend the First Amended Complaint and submitted a proposed Second Amended Complaint which was lodged and subsequently allowed to be file by the

1

Court. On March 16, 2009, Plaintiff filed a motion to file a Third Amended Complaint – having previously submitted a Third Amended Complaint which was lodged. Because Plaintiff has already amended the Complaint twice, Plaintiff's pending motion to amend must be granted by the Court before the proposed Third Amended Complaint can be filed.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, Plaintiff's case has been pending for over two years, since February 7, 2007. The delay in litigation will be further extended if Plaintiff is given leave to amend. However, given that the Second Amended Complaint has not been served, and no other party has appeared in the action, amending the complaint once again will not prejudice the opposing party. Plaintiff seeks leave to amend in order to clarify his claims. Good faith appearing, the Court finds that in the interest of justice, Plaintiff's motion to file a third amended complaint shall be granted.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to file a third amended complaint is GRANTED;
2. Within thirty days of the date of service of this order Plaintiff SHALL FILE a Third Amended Complaint; and
3. Failure to obey this order will result in a recommendation that this action be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:  May 1, 2009**                         **/s/ Sandra M. Snyder**
                                                                   UNITED STATES MAGISTRATE JUDGE