# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO, | CASE NO. 1:07-cv-00205-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| PLEASANT VALLEY STATE PRISON, et al., | (Doc. 22) |
| | THIRTY-DAY OBJECTION DEADLINE |
| Defendants. | |

**Findings and Recommendations Following Screening of Fourth Amended Complaint**

**I.     Screening Requirement**

Plaintiff Justin Lomako, a former state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 7, 2007. Plaintiff voluntarily filed first, second, and third amended complaints, and on June 11, 2009, the Court issued its first screening order, which dismissed Plaintiff's third amended complaint for failure to state any claims, with leave to amend. Now pending before the Court is Plaintiff's fourth amended complaint, filed June 30, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff was incarcerated when he brought this suit.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II. Fourth Amended Complaint

Plaintiff was transferred to Pleasant Valley State Prison (PVSP) on August 8, 2005, and the events at issue in this action allegedly occurred there. Despite the Court's order informing Plaintiff that he may not proceed in this action on unrelated claims, Plaintiff again sets forth claims arising from three separate, unrelated incidents. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (plaintiff not permitted to proceed with a "mishmash of a complaint"). Because only one claim is cognizable, the Court opts to address and resolve the other claims on their merits rather than dismiss them under Federal Rule of Civil Procedure 18(a). Each incident is identified in the complaint as a claim, although Plaintiff is asserting multiple legal claims arising out of each incident. The Court will utilize Plaintiff's format for ease of reference.

### A. Claim One

Upon arrival at PVSP, Plaintiff was informed that his medical chronos were not valid at that prison.[2] Plaintiff was eventually granted chronos but alleges it took more than ninety days to get the chronos and appliances, causing him to suffer multiple injuries. Plaintiff alleges violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

---

[2] A chrono documents medically necessary restrictions or grants medically necessary accommodations.

2

### 1. Due Process Violation

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Plaintiff's fourth amended complaint does not state a claim for deprivation of a protected property or liberty interest without due process of law. Plaintiff was previously provided with the applicable legal standard and given the opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff did not cure the deficiencies in his claim and the Court recommends dismissal, with prejudice. Id.

### 2. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); Iqbal, 129 S.Ct. at 1949-50.

Plaintiff's fourth amended complaint is devoid of any facts supporting a claim for denial of equal protection. Plaintiff was previously given notice of the deficiencies in his claim and the applicable legal standard but was unable to amend to state a claim. Noll, 809 F.2d at 1448-49. The Court recommends dismissal of the claim, with prejudice. Id.

### 3. Eighth Amendment Claim

Although Plaintiff does not allege a violation of the Eighth Amendment, his claim arises from the temporary denial of medical chronos and medical appliances. Because it is the Eighth

1  Amendment which protects prisoners against the deprivation of medical treatment, the Court will
2  address the claim.

3  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
4  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
5  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
6  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
7  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
8  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
9  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
10 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
11 Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
12 purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
13 by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
14 in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
15 make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
16 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

17  Plaintiff's fourth amended complaint fails to set forth any facts which would support a claim
18 that he suffered any harm due to the ninety-day delay or that the named defendants "[knew] of and
19 disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837,
20 114 S.Ct. 1970 (1994).  The allegation that Plaintiff was without his chronos and appliances for more
21 than ninety days and suffered injuries as a result falls well short of stating a plausible claim for relief.
22 Iqbal at 1949.  Plaintiff was previously given notice of the deficiencies in his claim and the
23 applicable legal standard but was unable to amend to state a claim. Noll at 1448-49. The Court
24 recommends dismissal of the claim, with prejudice. Id.

25  **B.    Claim Two**

26  Plaintiff alleges he was transferred to administrative segregation, where staff refused to
27 deliver his periodicals and other mail because a different housing unit was listed on the mail.
28 Plaintiff filed an inmate appeal on this issue, which was granted at the informal level of review.

After still failing to receive his mail, Plaintiff filed the appeal at the first formal level of review, where it was denied. Plaintiff submitted the appeal to the second level of review, where it was screened out. Plaintiff alleges that his rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment were violated, and seeks to impose liability on the staff members involved in considering his inmate appeal.

### 1. First Amendment

Although prisoners have a First Amendment right to receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995), the bare allegation that Plaintiff was not receiving his mail because it did not have the correct address on it due to Plaintiff's transfer to administrative segregation does not state a claim under section 1983. There is no factual support for the claim that Plaintiff's constitutional rights were being impermissibly infringed upon, and further, the defendants' involvement in the issue by virtue of their consideration of his inmate appeal does not provide a basis for the imposition of liability under section 1983. Iqbal at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff was previously given notice of the deficiencies in this claim and granted leave to amend. Noll at 1448-49. Plaintiff did not cure the deficiencies, and the Court recommends dismissal, with prejudice. Id.

### 2. Due Process

The existence of an inmate appeals process does not create any protected interest, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), and Plaintiff's allegations do not support a claim that he was deprived of any other protected interest without due process of law, Wolff, 418 U.S. at 556. The Court recommends dismissal of the claim, with prejudice. Noll at 1448-49.

### 3. Equal Protection

Plaintiff has not alleged any facts supporting a claim that he unlawfully discriminated against. Byrd, 565 F.3d at 1212. The Court recommends dismissal of the claim, with prejudice. Noll at 1448-49.

///

///

**C.     Claim Three**

Plaintiff alleges that on November 19, 2005, he was assaulted, beaten, and raped by Defendant Maldonado while Defendant Leal stood watch outside of Plaintiff's cell. Defendant Maldonado subsequently wrote a false disciplinary report, which led to an aggravated Security Housing Unit term for Plaintiff. Plaintiff filed an inmate appeal over the incident but alleges that Defendant Henderson had a policy of giving all staff complaints back to the officers against whom they were written. Plaintiff alleges that Defendant Petrick found him guilty of battery on a peace officer.

### 1.     Due Process

Plaintiff's fourth amended complaint is devoid of any facts supporting a claim that he had a protected liberty interest in avoiding placement in the Security Housing Unit (SHU). Absent the existence of a protected liberty interest, Plaintiff's due process claim fails. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005); Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998). Further, even if a protected liberty interest had been alleged, Plaintiff fails to set forth any facts showing that he was denied the minimal procedural protections he was due under federal law, Wolff, 418 U.S. at 556, or that he was found guilty without "some evidence" supporting the finding, Superintendent v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768 (1985). Finally, Plaintiff fails to allege that he was otherwise denied a fair hearing, notwithstanding the lack of a protected liberty interest at stake. Nonnette v. Small, 316 F.3d 872, 878-79 (9th Cir. 2002). Therefore, the Court finds that Plaintiff has not pled a cognizable due process claim arising out of the issuance of the disciplinary report or the assessment of a SHU term. The Court recommends dismissal of the claim, with prejudice. Noll at 1448-49.

### 2.     Eighth Amendment

The Eighth Amendment protects prisoners against sexual abuse, Farmer, 511 U.S. at 834; Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), and the allegation that Plaintiff was raped by one guard while a second guard stood watch is sufficient to state a claim against both guards, Iqbal at 1948-49; Jones, 297 F.3d at 934. Plaintiff's grievance following the incident, however, provides no basis for the imposition of liability on Defendant Henderson. Id. The Court

6

recommends that this action proceed on Plaintiff's fourth amended complaint against Defendants Maldonado and Leal.

### III. Conclusion and Recommendation

Plaintiff's fourth amended complaint sets forth a cognizable claim against Defendants Maldonado and Leal for violation of the Eighth Amendment, arising out of the alleged rape of Plaintiff. There are no other cognizable claims in the complaint. Because Plaintiff was previously notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll at 1448-49. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's fourth amended complaint, filed June 30, 2009, against Defendants Maldonado and Leal for violation of the Eighth Amendment;

2. Plaintiff's First Amendment, equal protection, and due process claims be dismissed, with prejudice, for failure to state a claim under section 1983; and

3. All defendants other than Maldonado and Leal be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 23, 2010**               /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE