# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JUSTIN LOMAKO,

           Plaintiff,

   v.

PLEASANT VALLEY
STATE PRISON, et al.,

           Defendants.
                                        /

CASE NO. 1:07-cv-00205-OWW-SMS PC

ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE

(Doc. 28)

      Plaintiff Justin Lomako, a former state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 7, 2007. On August 11, 2010, the Magistrate Judge issued an order finding service of the fourth amended complaint appropriate and forwarding service documents to Plaintiff for completion and return within thirty days. Plaintiff was warned that dismissal would result if he failed to comply with the order. More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the order.

      The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d

1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

     Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action, which has been pending since 2007, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.  In re PPA, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

**Dated:   November 9, 2010**               **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE